### HIMEBAUGH et al. v. CROUCH.

1. When the record shows that an appeal has been taken more than six months previous to the opening of a term of this court, and the appellant has prepared no abstract or brief, nor taken any steps towards prosecuting the appeal, nor shown any good reason why he has not done so, the appeal will be dismissed, upon the respondent's bringing up the record and moving for that purpose.

2. Whenever the record of a cause clearly shows upon its face, or from facts clearly deducible from it, that the appeal was taken for delay, and to hinder and delay the collection of the judgment, the 10 per cent damages authorized by subdivision 5, § 5187, Comp. Laws, will be assessed, when the motion to dismiss states that such damages will be insisted upon in the hearing of the motion.

(Syllabus by the Court. Opinion filed Dec. 10, 1892.)

Appeal from circuit court, Pennington county.

Motion to dismiss appeal. Allowed. No briefs filed.

*Sidney J. Parsons*, for appellant.

*Charles W. Brown*, for respondent.

BENNETT, P. J. This cause comes before us upon a motion to dismiss the appeal for the want of prosecution. The appellant failing to do so, the respondents have brought up the record at their own expense. The judgment in the case was rendered on the 5th day of March, 1892, from which an appeal was taken and perfected on the 12th day of March, 1892. No abstract or brief has been prepared or served by the appellant, as required by the rules of this court, nor any reason shown, or attempted to be shown, why it has not been done. Following the rule adopted in the case of Bank v. Crouch, 3 S. D. 410, 53 N. W. Rep. 862, (decided at this term,) the appeal must be dismissed. In this case the record shows a more apparent intention of delay than did the

above-cited cause. The notice of appeal fails to state any judgment, order, ruling, or other action of the court below that will be insisted upon for this court to review or to reverse. The presumption naturally arises from an inspection of the record that this appeal was taken solely for the purpose of delay, and to hinder the respondent from the collection of his judgment. In cases of this kind, we shall feel warranted in assessing the 10 per cent. damages authorized by subdivision 5, § 5187, Comp. Laws, whenever our attention is called to the fact, and it is specifically stated that it will be insisted upon in the motion to dismiss. This was not done in the motion before us. Therefore the penalty will not be enforced, but the motion to dismiss will be sustained, and the appeal dismissed, without prejudice.