### CITIZEN'S BANK OF PIERRE V. CROUCH et al.

When the records and undisputed facts show that full and ample time has elapsed, before the opening of a term of this court, since taking and perfecting an appeal, to have had all the requirements of the statute and rules of this court complied with, and when no diligence has been used, nor good or sufficient cause shown why this has not been done on the part of the appellant, the appeal will be dismissed, upon proper motion by the respondent.

(Syllabus by the Court. Opinion filed Dec. 10, 1892.)

Appeal from circuit court, Pennington county.

Motion to dismiss appeal. Allowed. No briefs filed.

W. O. Temple, for appellants.

Charles W. Brown, for respondent.

BENNETT, P. J.   This action comes before the court on a motion to dismiss the appeal upon the grounds of delay in prosecuting it, and that the appeal was not taken for the purpose of causing the record and judgment roll to be reviewed, but was taken solely for the purpose of delaying and hindering the respondent in the collection of its judgment. The respondent, at its own expense, has brought up the record, and filed it with the clerk of this court.

From it we find that a judgment was entered against the appellants in the circuit court of Pennington county on the 16th day of March, 1892, from which judgment the appellants took and perfected an appeal on the 30th day of March, 1892, since which time the appellants have failed and neglected to prepare an abstract of the record, or to transmit the original or a transcript of the judgment roll, or any of the papers in the case, to this court; nor have they shown any reason why they have not done so. The notice of motion to dismiss, with its accompanying affidavit, was served on the 23d of November, 1892. The appeal was not taken in time to have been heard at the April term of this court; but more than six months have elapsed since it was taken, and before the beginning of the October term,—ample time in which appellants could have prepared an abstract of the record and brief in the case, and to have filed them, in accordance with the requirement of rule 14 of this court. The necessity of promptly and regularly prosecuting all appeals is so obvious that it would be vain and useless to attempt to produce authorities to sustain the proposition. It is sufficient to say that when the record and undisputed facts show that full and ample time has elapsed since taking and perfecting an appeal to have all the requirements of the statute and our rules complied with and when no reasonable diligence has been used, or good and sufficient cause has been shown why this has not been done, upon the part of the appellant, the appeal will be dismissed upon motion of respondent. In the case at bar, no steps have been taken by the appellants to prosecute the appeal, nor reason shown for not doing so. The motion to dismiss is sustained, and the appeal dismissed, without prejudice.