IN RE GUARDIANSHIP OF GEORGE G. WILLIAMS.

FRANCIS A. AMSBERRY, GUARDIAN, APPELLANT, V. GEORGE G. WILLIAMS, APPELLEE.

FILED FEBRUARY 12, 1915. No. 17,966.

Appeal: DISMISSAL. Upon appeal to this court, when the record shows affirmatively upon its face that there is no question presented thereby as ground for reversal that has not heretofore been plainly and unequivocally decided by this court, the appeal will upon motion be dismissed.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Appeal dismissed.*

*Charles W. Beal* and *A. L. Chase,* for appellant.

*Silas A. Holcomb* and *A. P. Johnson, contra.*

SEDGWICK, J.

A motion is made to dismiss the appeal upon several grounds, one of which is, in substance, that no error is shown upon the record, and that it appears upon the face of the record that no substantial question is presented for determination by this court.

The transcript shows that a petition was filed in the county court of Custer county by Francis A. Amsberry, a guardian of George G. Williams, a minor, showing that as guardian he received $975 and has paid out $907 belonging to the estate; that there are unpaid costs, attorney's fees, guardian's fees, and he asks that the court approve the final settlement and discharge him as guardian. From a decision against him in that court he attempted to appeal to the district court. In the district court a motion was filed by the ward to dismiss the appeal for the reason that no appeal bond had been given. The motion was overruled, but afterwards the former order was vacated, the motion sustained, and the appeal was dismissed. A supersedeas bond was then filed for an appeal to this court in

the sum of $1,800. A transcript of the record was afterwards filed in this court, showing the petition, motion to dismiss, and final order dismissing the appeal.

This court has expressly decided that, when a guardian or administrator is personally interested adversely to the estate of the ward or of the decedent, he must give bond upon appeal. In *Thompson v. Pope,* 77 Neb. 338, the syllabus does not exactly state the proposition, but the court in the opinion quotes from *Rhea v. Brown,* 4 Neb. (Unof.) 461, "It may well be said that section 44, ch. 20, and section 234, ch. 23, Comp. St., rightly construed, mean only that executors, administrators and guardians are not required to give bond when they appeal in their representative capacities, and that when they appeal in their personal capacities, from judgments rendered against them personally, they should give bond the same as other litigants," and approves of this construction of the statute. Afterwards in the case *In re Estate of O'Brien,* 80 Neb. 125, this is assumed to be the law, although it is not directly so determined in that case.

It therefore follows that in this case, as it was solely a contest as to the interest of the guardian as against the estate of his ward, the guardian could not appeal from the probate court to the district court without giving bond. The record shows this fact. The district court therefore plainly did right in dismissing the appeal, and in such case, under our more recent holdings, this court will not put the parties to the delay of a couple of years when the appeal to this court is clearly frivolous. In other words, there is no question presented in this record, as plainly appears from the record itself, which could be urged as ground for reversal, except the one question which has been plainly decided by this court.

The appeal, for that reason, is

DISMISSED.