Strange, Respondent, vs. Harwood, Appellant.

*May 7—June 1, 1920.*

*Appeal: Frivolous appeal to supreme court: Constitutional law: Vested right in rules of procedure: Advancement of hearing: Disposition of case.*

1. Although defendant has the legal right, under sec. 3069, Stats., to appeal from an order sustaining a demurrer, he has no vested right in the rules of procedure regulating the manner and time of hearing appeals in the supreme court.

2. Where it is apparent from a mere inspection of the record that there is no merit in an appeal from an order sustaining a demurrer to the complaint, so that it must have been taken merely for delay, the supreme court can give early hearing on the appeal to secure to the parties the prompt justice guaranteed by sec. 9, art. I, Const., since sec. 2951, Stats., authorizing damages for delay caused by a frivolous appeal, does not limit the power of the supreme court to deal with matters properly before it.

3. Under sec. 3071, Stats., authorizing the supreme court, upon appeal from a judgment or order or upon a. writ of error, to reverse, affirm, or. modify the judgment or order, the court will not dismiss a frivolous appeal from an order overruling a demurrer to the complaint, but will summarily affirm the order on motion, without waiting to reach the case in ordinary procedure.

APPEAL from an order of the circuit court for Outagamie county: EDGAR V. WERNER, Circuit Judge. *Affirmed.*

This action was begun by the plaintiff to recover damages alleged to have been received as a result of the negligent conduct of the defendant in driving and operating his automobile upon the public highways in violation of the provisions of the laws of the state.

To the plaintiff's complaint the defendant demurred, and upon the hearing an order was entered overruling the demurrer, giving the defendant leave to answer within twenty days upon payment of $10 costs. The demurrer was upon the ground that it appears upon the face of the complaint that the same does not state facts sufficient to constitute a cause of action. The defendant appealed from the order, and the record was filed in this court February 21, 1920. On April 26, 1920, the plaintiff filed a motion in this court, first, to dismiss the appeal for the reason that upon the face of the record and by a mere inspection thereof it appears that the appeal is without merit and clearly frivolous; second, that the order appealed from be affirmed for the reason that it appears from the face of the complaint and upon mere inspection thereof that a cause of action was therein stated, and that the trial court did not err in overruling the general demurrer interposed; and third, that in the event that either of the foregoing motions is granted, immediate *remittitur* of the record to the trial court be directed. The motion was submitted by both parties upon briefs.

*Francis S. Bradford* of Appleton, for the appellant.

*Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, for the respondent.

ROSENBERRY, J.   So far as we are advised, the motion made by plaintiff in this case presents to this court a new question.   It is the contention of the defendant that, having followed the statutes and practice relating to an appeal from an order overruling a demurrer, he has a right to an orderly procedure and time to present his arguments in proper form before this court, and that the granting of plaintiff's motion would deny him this right.

Sec. 3069, Stats., provides that an appeal may be taken from an order which sustains or overrules a demurrer.   In taking the appeal defendant was within his legal rights. Has the defendant the right to have his appeal heard in its regular order, irrespective of its merits?   The manner and time of hearing appeals to this court is regulated and fixed by the rules of practice in this court.   No litigant has a vested right in a particular remedy, so he can have none in rules of procedure which relate to the remedy.   *Borgnis v. Falk Co.* 147 Wis. 327, 133 N. W. 209; *Newton v. Superior,* 146 Wis. 308, 130 N. W. 242, 131 N. W. 986; *Will of McNaughton,* 138 Wis. 179, 118 N. W. 997, 120 N. W. 288.

It is the constant practice of this court to advance cases for argument, to place causes upon the calendar not here in time to be placed there in accordance with the established rule, and in many other respects to modify its rules and practice in mere procedural matters.

It is argued that the provision of sec. 2951 which authorizes this court in its discretion to adjudge to the defendant in any writ of error and to the respondent on appeal in any civil action damages for his delay, in addition to interest, not exceeding ten per cent. on the amount of the judgment affirmed, and also in its discretion to award him double costs, operates as a limitation upon the power of this court.

We do not regard this as a sound argument. Costs and the right to costs rest upon statutory provisions and the legislature may well prescribe the terms and conditions upon which costs may be awarded. Such a provision, however, in no way limits the power of this court to deal with matters properly here upon appeal.

A mere inspection of the complaint in this case shows, without argument that it states facts sufficient to constitute a cause of action. The demurrer in this case is therefore frivolous, and we are obliged to assume that it was taken merely for purposes of delay. Under such circumstances, what is the duty of this court?

We have not the slightest doubt that the court has, in the exercise of its judicial power, ample authority to deal with the matter as it sees fit. It is argued that the court has established a regular procedure; that the legislature, by sec. 2951, has prescribed means by which frivolous appeals may be discouraged, and that the court should not, therefore, establish a different practice. Such a course no doubt could be justified by argument and authority. It would tend at least to lighten the labors of the court; but we are not disposed to approach the question from that angle.

Much has been said and written in recent years in regard to unnecessary delays in litigation. This criticism has to some extent been warranted, but we believe at the present time that it does not justly apply to the courts of the state of Wisconsin, either trial or appellate. Delays in court procedure are not more common than are delays in the execution of private contracts or other private enterprises; in each the human element is an important factor. The courts are not chargeable with the delays due to the procrastination of litigants. The declaration contained in sec. 9, art. I, of the constitution of this state, that every person ought to obtain justice freely, without being obliged to purchase it, completely, without being denied, promptly, without delay, in conformity with the law, is not mere rhetoric.

It lays upon every officer of this state, especially upon administrative and judicial officers, an imperative duty which should be performed without hesitation.

A frivolous appeal for purposes of delay defeats one of the rights guaranteed to every citizen by our constitution, and presents a situation which should be so dealt with as to carry into effect the constitutional mandate. Members of the bar are officers of the court and subject to this mandate of the constitution, and they should not permit zeal for the interest or supposed interest of a client in individual cases to stand in the way of a faithful performance of their paramount duty. Lawyers should heartily co-operate with courts in so dealing with procedural matters as to expedite the trial of causes upon their merits, avoiding unnecessary delays, and furthering the speedy attainment of justice, so that the purpose of our constitution and laws may be achieved.

If we were unsupported by authority we should not hesitate to deal with this matter in accordance with fundamental principles and the constitutional mandate. While the practice proposed upon this motion is new here, there is abundant precedent for it elsewhere. *Steele v. Culver,* 211 U. S. 26, 29 Sup. Ct. 9; *Ruble v. Daniel,* 105 Miss. 569, 62 South. 642; *Johnson v. St. Paul City R. Co.* 68 Minn. 408, 71 N. W. 619.; *Himebaugh v. Crouch,* 3 S. Dak. 409, 53 N. W. 862; *Micas v. Williams,* 104 U. S. 556; *Guardianship of Williams,* 97 Neb. 726, 151 N. W. 161; *Estate of Landon,* 98 Neb. 706, 154 N. W. 215. The supreme court of North Carolina said:

"While ordinarily an appeal lies to the supreme court . . . as a matter of right, it is required that it must be *bona fide* for the purpose of reviewing some alleged error; and when from the record it appears that the appeal is frivolous and made solely for delay it will, upon due notice to appellant, be dismissed upon appellee's motion." *Ludwick v. Uwarra M. Co.* 171 N. C. 60, 87 S. E. 849.

Strange v. Harwood, 172 Wis. 24.

The court of appeals of New York has also adopted this practice, and has indicated the basis upon which it will consider a motion to dismiss an appeal upon the ground that it is frivolous.    It said:

"This motion is one of a large class imposing much labor on the court and that ought not to be made.    An exception must be so obviously frivolous on its face as to require no argument to demonstrate it.    In this case briefs are submitted citing authorities to support the opposing views.    The fact that such a course is necessary is conclusive evidence that the motion should be denied.    An examination of the record discloses a number of exceptions that can only be disposed of after argument of the appeal.    The rule in motions of this character is similar to that applied to a party asking judgment on a frivolous pleading."    *Bachrach v. Manhattan R. Co.* 154 N. Y. 178, 47 N. E. 1087.

While in a large number of the cases cited the appeals were dismissed, in view of the provisions of sec. 3071, Stats., which provides that upon an appeal from a judgment or order or upon a writ of error the supreme court may reverse, affirm, or modify the judgment or order, we are of the opinion that, the appeal being properly here, it is the better practice to affirm the order instead of dismissing the appeal.

It appearing that the appeal is frivolous, the provisions of sec. 2951, already referred to, apply.

*By the Court.*—The order appealed from is affirmed, with double costs.    The clerk is directed to remit the record to the circuit court for Outagamie county forthwith.