KAISER and others, Respondents, vs. CITY OF PORTAGE, imp., Appellant.

*April 2—April 30, 1929.*

*John J. Keefe,* city attorney, and *David Bogue,* both of Portage, for the appellant.

*Grady, Farnsworth & Walker* of Portage, for the respondents.

PER CURIAM. Plaintiffs brought this action to recover for the benefit of the defendant city certain moneys claimed to have been unlawfully appropriated and paid to the defendant Niemeyer. The claim in brief is that Niemeyer, during the time that he was mayor of the city of Portage and drawing a salary as such, was chief of the fire department and drawing a salary as chief of the fire department; that his acceptance of the office of mayor terminated his tenure as chief of the fire department, and that the salary thereafter appropriated and paid to him as chief of the fire department was wrongfully paid. It was alleged that the city of Portage refused to bring or join in the action, and

the city of Portage was made a party defendant but no relief was sought against it. The defendant Niemeyer answered and set up certain matters by way of defense. The city of Portage demurred to the plaintiff's complaint on the following grounds: (1st) that the said complaint does not state facts sufficient to constitute a cause of action against the city; (2d) that there is a defect of parties defendant; and (3d) that several causes of action have been improperly united. The demurrer was overruled by order made January 25, 1929, and entered February 8, 1929. Notice of entry of order was served on February 8, 1929. On February 14, 1929, the defendant city served and filed a notice of appeal from the order overruling the demurrer. Upon affidavits, the plaintiffs moved in this court, the motion being returnable April 2, 1929:

"1. To dismiss the appeal of defendant city of Portage from the order overruling its demurrer to the complaint herein, (a) for the reason that the record has not been transmitted pursuant to the notice of appeal served and filed, in time and manner as prescribed by law, and (b) for the further reason that it clearly appears from the face of the complaint that the demurrer interposed by defendant city, and its appeal from the order overruling the same, are without merit, frivolous, and for the purpose of delay; or

"2. That the order so appealed from be affirmed for the reason that it clearly appears from the face of the complaint that defendant city is a proper and necessary party, and that a cause of action was and is stated as against it; and

"3. That respondents be awarded double costs, and such other and further relief as may be just and proper."

The motion came on for hearing and counsel appeared for each of the parties. It was apparent upon the barest inspection of the record in this case that the appeal was taken by the defendant city merely for purposes of delay. The suit was brought by a taxpayer for the benefit of the city, no relief was sought against the city, and if the relief prayed

for was granted, the city must have been the beneficiary thereof because the prayer of the complaint was that any recovery should be paid into the public treasury. Actions of this sort are favored in the law. *Neacy v. Drew,* 176 Wis. 348, 187 N. W. 218.

That under the allegations of the complaint, from which it appears that the defendant city had refused to proceed in the matter, it was a proper party defendant for that reason, seems to be beyond question. Sec. 260.12, Stats., provides:

"If the consent of any one who should be joined as plaintiff cannot be obtained he may be made a defendant, the reason thereof being stated in the complaint."

An appeal from an order overruling a demurrer in a cause of action brought in its favor by a city is clearly frivolous and unwarranted in the law and subjects counsel to censure for the reason stated in *Strange v. Harwood,* 172 Wis. 24, 177 N. W. 862.

*By the Court.*—Order appealed from is affirmed, with costs, and record to be remitted forthwith.