ESTATE OF DAMMANN : SCHOLL, Executor, Respondent, vs. DAMMANN, Widow, Appellant.

*December 9, 1938—January 10, 1939.*

*Grady & Dakin* of Watertown, for the appellant.

*Kenneth E. Port* of Watertown, for the respondent.

MARTIN, J. The appellant, Augusta Dammann, is the surviving widow and sole beneficiary of Charles H. Dammann, deceased. Henry L. Scholl was the executor of his estate. The sole issue in both appeals relates to an item of $12,000, represented by a note and mortgage, given by Scholl and wife to Mr. Dammann on the 30th day of October, 1935. Thereafter, Mr. Dammann canceled both the note and mortgage by writing upon the face thereof the word "Paid," and signed his name upon the face of both instruments immediately under the word "Paid," and then delivered the note and mortgage to one Sproesser to be by him delivered to Mr. Scholl after the death of Mr. Dammann. Mr. Scholl, as executor, did not include this $12,000 note and mortgage in the inventory filed, nor in his final account as executor. The appellant moved in the court below that Mr. Scholl's account as executor be surcharged with the item of $12,000 represented

by this note and mortgage. It appears that upon the hearing to surcharge the executor's account, the parties made the following stipulation as to the issues to be tried and determined by the county court:

"It is hereby stipulated by and between the parties in open court that the issues are as follows:

"(1) That the $12,000 note and mortgage in question is claimed by the executor to be his separate property.

"(2) That the executor claims the $12,000 note and mortgage by gift.

"(3) It is claimed by the widow, sole beneficiary, under the will of the above-named decedent, that the $12,000 note and mortgage in question is the property of the estate.

"(4) It is claimed by the widow, sole beneficiary, that there was no valid gift or transfer of the property in question by the decedent to Henry L. Scholl.

"(5) It is claimed by the widow, sole beneficiary, that if there was a gift or transfer by decedent to said Henry L. Scholl that it was as a result of undue influence practiced upon the decedent by the said Henry L. Scholl.

"(6) That the widow, sole beneficiary, contends that the decedent was incompetent at the time he made the alleged gift or transfer to make a valid gift or transfer."

It was further stipulated that Roscoe R. Luce, county judge of Walworth county, be called in to hear, try, and determine the issues as set forth in the foregoing stipulation.

While no bill of exceptions has been settled upon either appeal, the testimony taken in the county court and filed therein has been returned to this court with the record. Judge Luce, after taking and considering voluminous testimony, rendered a decision denying appellant's motion to surcharge the executor's account, and in connection therewith made findings of fact covering all of the issues, whereupon judgment was entered as follows:

"It is ordered and adjudged that the objection of Augusta Dammann and the motion of objector [Augusta Dammann], that the account of Henry L. Scholl be surcharged with the

said note and mortgage of $12,000, together with interest thereon be, and the same is hereby denied without costs."

This judgment was entered on the 22d day of March, 1937. The appeal from this judgment was taken September 25, 1937.

Obviously, this appeal must be dismissed for the reason it was not timely taken. Sec. 324.04 (1), Stats., provides:

*"Review by supreme court.* (1) The time within which a writ of error may be issued or an appeal taken to obtain a review by the supreme court of any order or judgment of the county court is limited to sixty days *from the date of the entry thereof,* except as provided in section 324.05."

Sec. 324.05, Stats., provides:

"If any person aggrieved by any act of the county court shall, from any cause without fault on his part, omit to take his appeal within the time allowed, the court may, upon his petition and notice to the adverse party, and upon such terms and within such time as it shall deem reasonable, but not later than one year after the act complained of, allow an appeal, if justice appears to require it, with the same effect as though done seasonably; or the court may reopen the case and grant a retrial, but the order therefor must be made within one year after the act complained of."

In connection with the instant appeal, no extension of time under sec. 324.05, Stats., was requested.

As to the appeal from the judgment of the county court allowing the executor's final account and assigning the estate, entered April 1, 1938, while this appeal was seasonably taken, it appears from the notice of appeal and the record that the only issue is the same item of $12,000 involved in and determined by the judgment of March 22, 1937, referred to above. In other words, appellant seeks by this appeal from the final judgment to avoid the consequences following from not taking a seasonable appeal from the judgment of March 22, 1937, which specifically involved all issues raised by appel-

lant's motion to surcharge the executor's account with the same item of $12,000. Appeals may be taken from interlocutory judgments under sec. 274.09, Stats., subject to the same limitations as from final judgments. In *Richter v. Standard Mfg. Co.* 224 Wis. 121, 271 N. W. 14, 271 N. W. 914, the court held that where an appeal, although timely as to the final judgment, was not timely as to an interlocutory judgment which settled all matters complained of by the appellant, there was nothing for the supreme court to review. In that case, there was an appeal from an interlocutory judgment; also an appeal from a final judgment and from an order denying the defendant's motion to correct and modify the interlocutory judgment and final judgment so that the interlocutory judgment would become embodied in the final judgment of a later date, the time having expired for taking an appeal from the interlocutory judgment. In connection with the appeal from the order, the court said, at page 128:

"In our opinion that appeal contains nothing of merit. It is quite unthinkable that the time in which an appeal may be taken from an interlocutory judgment like the one here may be extended by such a motion."

It appearing in connection with the instant appeal that the merits of the only issue involved were adjudicated by the judgment of March 22, 1937, and the appeal from that judgment having been dismissed for the reason it was not seasonably taken, we conclude that this appeal from the judgment of April 1, 1938, now becomes frivolous and that said judgment should be affirmed. *Strange v. Harwood*, 172 Wis. 24, 177 N. W. 862.

*By the Court.*—The appeal from the judgment of March 22, 1937, is hereby dismissed for the reason it was not seasonably taken. The judgment of April 1, 1938, is hereby affirmed.