[No. 29633. Department One. November 15, 1945.]

*In the Matter of the Application of* ALEX DOMANSKI *for a Writ of Habeas Corpus.*[1]

*Alex Domanski, pro se.*

*The Attorney General* and *R. Paul Tjossem, Assistant,* for respondent.

MALLERY, J.—The petitioner secured an order from the chief justice of this court directed to the superintendent of the state penitentiary to show cause in the superior court of Washington for King county why a writ of *habeas corpus* should not issue, on January 18, 1945.

Upon the hearing before the superior court of Washington for King county, a demurrer to the petition was sustained, and the cause dismissed. Petitioner appeals.

█ It appears that the appellant had been sentenced to the penitentiary for life as an habitual criminal, charged as such to increase the penalty on a substantive charge of burglary in the second degree and that the judgment and sentence are regular on their face. This is conclusive upon any issue that may be raised in a *habeas corpus* proceeding. See *In re Grieve,* 22 Wn. (2d) 902, 158 P. (2d) 73; *In re Van Wagner, ante* p. 99; *In re Boggie, ante* p. 102; *In re Voight,* 130 Wash. 140, 226 Pac. 482; *In re Clark, ante* p. 105;

[1]Reported in 163 P. (2d) 593.

*In re Rice, ante* p. 118; *In re Behrens, ante* p. 125; *In re Sanford, ante* p. 134.

The gist of appellant's petition is:

"That at the time an appeal was filed in this Court in the above entitled cause, there was only one judgment pending herein and that dated February 24, 1940, and this Court by its opinion 5 Wn. (2d) 686, ordered judgment reversed and new trial granted, [as to the habitual criminal charge] thereby reversing said judgment in full, as this Court did not affirm and reverse said judgment in part, and since no further trial was had on said burglary charge, judgment thereof entered in said cause December 14, 1940, was nullity and of no legal effect, and there is no legal conviction to support judgment upon which petitioner was sentenced and is serving time.

"That said judgment and sentence are void because in the trial of the above entitled cause, in the trial being an habitual criminal, the state did not claim or prove any immediate prior convictions, but said proof was supplied the jury by the Court's instruction, over and against defendant's objections.

"That said conviction as an 'Habitual Criminal' is used as an arbitrary application of the law in the State of Washington, against persons who elect to defend themselves in Court, and is not used against those who enter pleas of guilty, although said Statute is mandatory in effect and must be filed if prior convictions exist, and its application to petitioner herein was such an arbitrary application."

These are matters extraneous to the judgment and sentence in question. Appellant not having elected to raise them upon appeal, he cannot now make a *habeas corpus* proceeding serve that purpose.

The order of dismissal is affirmed.

BEALS, C. J., MILLARD, STEINERT, and SIMPSON, JJ., concur.