**People of the State of Illinois, Plaintiff-Appellee, v. Bill Pat Kelley, Defendant-Appellant.**

**Gen. No. 10,975.**

Fourth District.

February 13, 1969.

Lewis M. Grigsby, of Pittsfield, for appellant.

Cecil J. Burrows, State's Attorney, of Pittsfield, for appellee.

TRAPP, P. J.

Defendant appeals from a judgment of conviction following a jury trial upon his indictment for burglary. He was sentenced to the custody of the Attorney General of the United States for a term of not less than ten nor more than twenty years to run concurrently with a sentence of ten years imposed by the United States District Court for Colorado. Ill Rev Stats 1965, c 38, § 119-2 (e).

Upon this appeal it is urged that defendant was denied his constitutional right to a speedy trial.

Defendant was indicted on July 20, 1964, and arraigned on August 11th. The record does not show expressly the giving of bond, but does indicate that he was not incarcerated. On September 4th, trial date was set for October 13th. On this date defendant appeared and advised that his counsel had withdrawn. At his request the case was continued until October 26th. On October 16th, defendant advised the court that he had obtained counsel, but on the trial date, October 26th, neither the defendant nor his counsel appeared. Bond was forfeited, and a bench warrant issued.

The defendant testified that he was restrained in a Denver jail from May, 1965, until January, 1966, whereupon he was imprisoned in the Federal penitentiary at Leavenworth. The State's Attorney agrees that a detainer was placed on defendant on April 15, 1966, at Leavenworth. By letter dated August 26, 1966, addressed to the "District Court Clerk," defendant stated that he

was ready for trial, ". . . and available through writ of Habeas corpus ad prosequendum."

On September 19, 1966, such writ was ordered to issue to return defendant for trial on October 19th. On September 28th, the writ was vacated, and a writ was ordered for defendant's return on October 25th, for trial. On the latter date, defendant appeared in court, he requested appointment of counsel, and the continuance of the case. On November 7, 1966, counsel for defendant was appointed. At the latter's request for a continuance to prepare for trial, the case was set for November 28th.

■ It is defendant's argument that the constitutional right to a speedy trial should be measured in time from the placing of the "detainer" on April 15, 1966. This record shows no motion or application for discharge for failure to provide a speedy trial prior to trial or conviction. The right to speedy trial as a constitutional right is personal to the accused and is deemed waived unless application for discharge is made prior to conviction. People v. Kuczynski, 33 Ill2d 412, 211 NE2d 687; People v. Stahl, 26 Ill2d 403, 186 NE2d 349.

Again, the provisions of chapter 38, § 103–5, Ill Rev Stats 1965, which provide for trial within 120 days from the date the defendant is taken into custody, is not the precise equivalent of the constitutional right to a speedy trial. People v. Stuckey, 34 Ill2d 521, 216 NE2d 785. Such statute requiring trial within 120 days is applicable to persons imprisoned in Illinois. People v. Terlikowski, 83 Ill App2d 307, 227 NE2d 521 (Third Dist 1967). The defendant, who had been released on bond, was returned for trial within 60 days of his letter demanding trial. The writ of habeas corpus for defendant's return was issued 146 days after the detainer was filed and he was returned for trial within 182 days following such detainer. He then asked for a continuance to prepare for trial.

In People v. Moriarity, 33 Ill2d 606, 213 NE2d 516, it was held that a delay of ten months in bringing the de-

483

fendant to trial after he was located in another state was not so oppressive as to amount to a denial of speedy trial. In Terlikowski, a delay of seven months was found not to be a constitutional denial of speedy trial.

The case is readily distinguished from People v. Bryarly, 23 Ill2d 313, 178 NE2d 326, where eight years intervened between the indictment and trial, and four and a half years intervened between placing the "detainer" in another state and the return of that defendant for trial in Illinois.

The record shows no evasion of prosecution by the State as in People v. Fosdick, 36 Ill2d 524, 224 NE2d 242, or People v. Patheal, 27 Ill2d 269, 189 NE2d 309, and no refusal to prosecute as in People v. Swartz, 21 Ill2d 277, 171 NE2d 784. The record shows that the case was set for trial on April 19, 1965, and on February 14, 1966, with notice to the surety on defendant's bond.

■ An essential fact is that defendant was provided with a prompt trial setting following his arraignment. So far as the record shows his failure to appear was voluntary. The delay between the placing of the "detainer" and the return of defendant for trial is not so oppressive or arbitrary as to constitute denial of his right to a speedy trial.

Defendant asserts error in the giving of an instruction defining the offense of burglary in the language of the statute without further instructions as to the nature and elements of burglary, and without defining the term "felony."

The supplemental record discloses that the instruction to which objection is made was tendered by the defendant. The record does not include a report of proceedings, it does not show an instruction conference, or any instruction which was tendered by defendant and refused by the court. The record before us does not show any of the instructions given or refused except the single given instruction tendered by defendant.

 Illinois has long followed the rule that defects in instructions are waived if no objection is made in the trial court. People v. Cavaness, 21 Ill2d 46, 171 NE2d 56; People v. Lyons, 36 Ill2d 336, 223 NE2d 99. It has been held that where defendant has tendered substantially the same instruction as that objected to, the objection is waived. People v. Watts, 81 Ill App2d 283, 225 NE2d 147 (Third Dist 1967). It seems reasonable to conclude that defendant cannot on appeal object to an instruction given at his own request. Bianchi v. United States, 219 F2d 182, cert denied 99 L Ed 1249. Instructions given at defendant's request and not objected to by him cannot be challenged under the plain error provision of Rule 52(b), Federal Rules of Criminal Procedure. United States v. Aulet, 339 F2d 934, cert denied 14 L Ed2d 269. Cf. c 110A, § 615(a), Ill Rev Stats 1967.

The record discloses no substantial error capable of resulting in a miscarriage of justice. The judgment of the trial court is affirmed.

SMITH and CRAVEN, JJ., concur.