[No. 39943.    Department Two.    May 22, 1969.]

*In the Matter of the Application for a Writ of Habeas Corpus of* WINFORD MASSEY, *Appellant,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*\*

*Winford Massey,* pro se.

*The Attorney General, William E. Howard* and *Ronald E. Kuenstler, Assistants,* for respondent.

HALE, J.—Appellant, while serving a sentence for violation of the narcotics act (Uniform Narcotic Drug Act, RCW 69.33), brought an application for a writ of habeas corpus in the superior court seeking a new trial. He appeals the denial of his petition.

In September, 1964, Seattle police officers, following a period of surveillance, arrested appellant and, pursuant to the authority of a search warrant, searched his living quarters. They found there some capsules containing a white powder, and at the time of his arrest he told the officers that it was heroin and that he had some more heroin in another place.

Charged by information in King County with illegal possession of narcotics, he waived trial by jury and was convicted by the court. A pretrial hearing was held to determine the voluntariness of his admissions to the officers, and the court ruled that they were voluntary and admissible. He appealed the judgment of conviction (*State v. Massey,* 68 Wn.2d 88, 411 P.2d 422 (1966)), raising two questions,

\*Reported in 455 P.2d 367.

*i.e.,* whether there existed a probable cause to arrest him, and whether he had been deprived of his Sixth Amendment right to confront adverse witnesses because of the court's refusal to require the police to identify their informant. He did not raise the question of the voluntariness of his incriminating admissions on appeal.

This court, in *State v. Massey, supra,* affirmed the conviction February 24, 1966. At the time of trial in 1965, *Escobedo v. Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758 (1964), had been decided. Appellant brought the instant petition for a writ of habeas corpus in the Superior Court for Walla Walla County, asking for a new trial largely on the basis of rights supposedly available to him by virtue of *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966).

█ Long prior to defendant's trial and *Miranda,* it has been the undenied rule in this country that coerced confessions are inadmissible. *Brown v. Mississippi,* 297 U.S. 278, 80 L. Ed. 682, 56 S. Ct. 461 (1936); *Chambers v. Florida,* 309 U.S. 227, 84 L. Ed. 716, 60 S. Ct. 472 (1940); *White v. Texas,* 310 U.S. 530, 84 L. Ed. 1342, 60 S. Ct. 1032 (1940). Appellant raised the issue of voluntariness of his admissions at trial, but did not elect to do so on his appeal from that conviction. Whatever posttrial privileges or remedies he may claim to have been later afforded by *Miranda,* were not vouchsafed him by that case for it was denied retroactive effect. *Johnson v. New Jersey,* 384 U.S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772 (1966).

All remedies now sought by appellant were available to him on appeal. Despite a seeming current erosion of the principle, it is still the generally accepted rule that habeas corpus may not be used as a substitute for an appeal or writ of error. *Adams v. United States ex rel. McCann,* 317 U.S. 269, 87 L. Ed. 268, 63 S. Ct. 236, 143 A.L.R. 435 (1942); *Glasgow v. Moyer,* 225 U.S. 420, 56 L. Ed. 1147, 32 S. Ct. 753 (1912); *In re Gregory,* 219 U.S. 210, 55 L. Ed. 184, 31 S. Ct. 143 (1911).

Affirmed.

HUNTER, C. J., HILL, ROSELLINI, and NEILL, JJ., concur.