[Nos. 41896, 41913.   En Banc.   March 9, 1972.]

*In the Matter of the Application for a Writ of Habeas Corpus of* EDWARD J. KOEHN, *Petitioner,* v. THOMAS G. PINNOCK, *Respondent.*

*In the Matter of the Application for a Writ of Habeas Corpus of* FRANK MATA, *Appellant,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*

*Edward J. Koehn,* pro se.

*Reese & Mitchell,* by *Ronald K. McAdams,* for appellant (appointed counsel for appeal).

*Slade Gorton, Attorney General,* and *David W. Schiffrin, Assistant,* for respondent Pinnock.

*Slade Gorton, Attorney General,* and *William L. Britton, Assistant,* for respondent Rhay.

WRIGHT, J.—Despite some differences in the proceedings heretofore, these cases present the identical problem. The question is whether a defendant in a criminal case, after waiver of his right to appeal given with the advice of

counsel can raise by habeas corpus the matters he could have raised on appeal.

Frank Mata was convicted by a jury in Yakima County of second-degree assault. Judgment and sentence were entered November 8, 1968 in Yakima County under cause No. 14968. Appellant gave notice of appeal and his appeal was docketed in this court under No. CN40734. On January 8, 1969, appellant and his counsel appeared in open court in Yakima County and requested permission to withdraw his appeal. He personally stated to the court he wished to withdraw his appeal and that he had been fully advised by counsel of his right to appeal. The court granted permission to withdraw the appeal and he started serving his sentence.

On March 24, 1970, Mata instituted his action for a writ of habeas corpus in the Superior Court for Walla Walla County. After a petition was filed, the trial court ordered respondent to answer. An answer and return were filed and proceedings were had in which petitioner was represented by Mr. Ronald K. McAdams, an experienced and competent member of the bar. Respondent was represented by the office of the Washington State Attorney General. It was agreed between counsel the matter would be presented on the question of waiver. After an adverse ruling in the superior court, appellant, Mata, appealed to this court.

Appellant, Mata, alleged violations of the fifth, sixth, eighth and fourteenth amendments to the Constitution of the United States. His claim of violations of Fifth Amendment rights is based upon an allegation a state witness was permitted to testify to appellant's criminal record. His claim of violations of Sixth Amendment rights is based upon an allegation that a juror committed perjury on voir dire, and thus deprived him of a trial by a fair and impartial jury. Finally, his claim of violations of the Eighth Amendment is based upon a claim of the 10-year minimum sentence imposed by the Board of Prison Terms and Paroles was cruel and unusual punishment. That claim was later abandoned. He relies upon the Fourteenth Amend-

ment as the means by which the above-mentioned amendments are extended to regulate the states.

Edward J. Koehn was convicted of murder in the first degree in Adams County in 1961. He was represented by two members of the bar, both of whom were experienced, competent and well qualified.

After consultation with his attorneys, Koehn decided not to appeal his conviction. In 1964, he applied to this court for a writ of habeas corpus which was denied. In 1966, he applied to the United States District Court for the Eastern District of Washington. That application was also denied.

Koehn applied directly to this court for a writ of habeas corpus. His contentions are primarily based upon allegations he was convicted of the murder of a prominent merchant in a small county where local feeling prevented his receiving a fair trial.

Petitioner does not specifically say he should have had a change of venue, but that seems to be the central theme of his allegations. In this connection it should be noted the trial was before a visiting judge from King County, the Honorable Story Birdseye.

The doctrine of waiver may be stated: An applicant for a writ of habeas corpus who deliberately bypasses his available remedy by appeal thereby waives his right to challenge in habeas corpus the claimed errors occurring at his trial, except for grave constitutional errors.

We said in *Mason v. Cranor*, 42 Wn.2d 610, 257 P.2d 211 (1953):

> A proceeding for a writ of *habeas corpus* cannot be used to review alleged trial errors.

In that case, the petitioner was objecting to the admissibility of certain evidence. It was therein held the question could not be tried in a habeas corpus proceeding even if constitutional questions were alleged.

In *Massey v. Rhay*, 76 Wn.2d 78, 455 P.2d 367 (1969), we said:

> All remedies now sought by appellant were available to him on appeal. Despite a seeming current erosion of

the principle, it is still the generally accepted rule that habeas corpus may not be used as a substitute for an appeal or writ of error.

In *Pettit v. Rhay,* 62 Wn.2d 515, 518, 383 P.2d 889 (1963), we said:

> The only way to challenge the trial court's ruling on the admissibility of this evidence was by appeal to this court from petitioner's judgment and sentence and not by application for a writ of habeas corpus. *In re Braun v. Belnap,* 51 Wn. (2d) 892, 316 P. (2d) 472 (1957). Nor is this general rule changed because the original objection to the evidence had its basis in the constitution.

All of the matters raised by appellant, Mata, and by petitioner, Koehn, could have been raised upon appeal. Nothing alleged by either is more than a claimed procedural error. Both had the assistance and advice of competent counsel at the waiver of appeal. We, therefore, conclude the rights of appellant and of petitioner were fully and adequately protected. No genuine constitutional question is involved. The judgment of the trial court in Mata is affirmed. The petition of Koehn is denied.

ROSELLINI, HUNTER, HALE, NEILL, and STAFFORD, JJ., concur.

FINLEY, J. (concurring)—I concur in the result reached in the majority opinion. The errors alleged by the appellants herein could have been raised on appeal. Because of the nature of the alleged errors, and appellants' knowing and intelligent waiver of their right of appeal, they are precluded from raising the same issues through petitions for habeas corpus.

However, I believe it should be clearly stated that there can be exceptional circumstances under which the failure to raise an issue on appeal will *not* preclude its consideration in a petition for habeas corpus. *See Walker v. Chitty,* 112 F.2d 79 (9th Cir. 1940); *Voigt v. Webb,* 47 F. Supp. 743 (E.D. Wash. 1942). Where a petitioner makes a well-substantiated claim of error which has happened at any stage

of the criminal process (arrest, arraignment, trial, sentencing), and which is of such magnitude and has had such a prejudicial effect on the outcome of the trial as to cause the petitioner to be deprived of his liberty without due process of law, the courts should not summarily refuse to grant a petition for habeas corpus, even though the particular issues involved might have been raised on appeal. In such a case, the courts have a duty to consider the merits of the petition. A conviction which is violative of due process is void, *Voigt v. Webb, supra,* and being void, the judgment is subject to post-conviction attack. *See In re Domanski,* 24 Wn.2d 137, 163 P.2d 593 (1945).

In deciding whether or not to grant a petition for habeas corpus in such a case, the court should weigh (1) the truth and substance of petitioner's claims, (2) the prejudicial effect of the alleged errors, (3) the reasons for failure to raise the issues on appeal, and (4) the extent to which petitioner was denied due process of law as a result of the error.

It would be impossible to define more precisely the applicability of the juristic principle involved. Application of the principle can be, and has been, developed by the courts on a case-by-case basis. By way of example, however, it can be said that at one extreme, well-founded allegations of a violence-induced confession relied upon by the jury in a conviction should receive the attention of this court when raised by habeas corpus petition (*see Cranor v. Gonzales,* 226 F.2d 83 (9th Cir. 1955), *cert. denied,* 350 U.S. 935, 100 L. Ed. 816, 76 S. Ct. 307 (1956)), even if petitioner has failed to prosecute an appeal. Contrariwise, at the other extreme, a petition which alleged only violation of evidentiary rules at trial would not be deserving of consideration; an appeal is the only legitimate method of raising such issues. Under such circumstances, the desirable and legitimate juristic objective of finality in appellate proceedings should take precedence over the theoretical ideal of absolutely error-free justice.

Despite the impossibility of defining precisely the appli-

cable circumstances, I believe the courts have an inherent power to reach the merits of certain habeas corpus petitions notwithstanding petitioner's knowing failure to exhaust available remedies on appeal. The courts do not exist to sort human complaints into semantical or procedural pigeonholes at the expense of justice and common sense. Rather, one of their most significant functions is to utilize the great common law writ of habeas corpus to correct undeniably prejudicial and fundamental trial error *whenever* it is found to have occurred in a criminal proceeding.

HAMILTON, C.J., and ROSELLINI, J., concur with FINLEY, J.