DAY, Plaintiff in error, v. STATE, Defendant in error.

*No. State 201.  Decided October 30, 1973.*
(Also reported in, 211 N. W. 2d 466.)

---

For the plaintiff in error, *Howard B. Eisenberg,* state public defender.

For the defendant in error, *Robert W. Warren,* attorney general, and *Steven B. Wickland,* assistant attorney general.

HALLOWS, C. J.    The plaintiff in error argues that because the trial was not commenced within ninety days from the date trial was demanded as required by sec. 971.10 (2) (a), Stats.,[1] he was denied his constitutional right to a speedy trial and the only remedy for the violation of this right is the dismissal of the case against him.

---

[1] "971.10 Speedy trial . . .

"(2) (a) The trial of a defendant charged with a felony shall commence within 90 days from the date trial is demanded by any party in writing or on the record. If the demand is made in writing, a copy shall be served upon the opposing party. The demand may not be made until after the filing of the information or indictment."

*Strunk v. United States* (1973), 412 U. S. 434, 93 Sup. Ct. 2260, 37 L. Ed. 2d 56.

There is no question the trial was not held within ninety days. Day was arrested February 28, 1972. The complaint was filed the following day. On July 24, 1972, he moved to have an immediate trial set. The motion was not heard until September 5, 1972, and was then denied; but the trial was set for October 4th. However, the trial was not held on October 4th, apparently because the courtroom was being remodeled. On January 18, 1973, Day filed a motion seeking release from custody under sec. 971.10 (4), Stats. This motion was granted and the trial set for February 8, 1973.

The provisions of sec. 971.10 (2) (a), Stats., for a speedy trial do not constitute a legislative definition of the constitutional boundaries of the right to a speedy trial. The purpose of this section was to provide an orderly and flexible manner of court administration which the state or an accused might make use of to expedite a trial. The comment to this section states "While this section sets up a specific timetable for felonies and misdemeanors, it should be noted that sub. (4) provides that the only sanction for failure to comply is the release of a defendant from custody or from the obligation of his bond. The constitutional requirements of a speedy trial are in no way modified by this section." 42A W. S. A. 181. Consequently, a violation of this statute does not, as a matter of law, violate the constitution.

The state questions whether Day has a right to make this motion for summary reversal. Motions for both summary affirmance and summary reversal have been entertained by this court although motions for summary reversal on grounds other than default of the respondents have been rarely granted. The justification for considering a motion for summary disposition of a case is set forth in *Strange v. Harwood* (1920), 172 Wis. 24, 177

N. W. 862. That case involved a motion for summary affirmance on the ground that an inspection of the complaint showed a cause of action was stated and therefore the appeal from an order overruling the demurrer was frivolous. The court stated the procedure for consideration of appeals as outlined in the statute was not exclusive and held that although defendant had a right of appeal he had no right to have the appeal determined in regular order regardless of its merits. This court regulates its work to attain the most efficient administration of justice.

*By the Court.*—The motion for summary reversal or in the alternative for bail pending appeal is denied.