STATE EX REL. IN MATTER OF GRAND JURY INVESTIGATION IN AFFAIRS OF TOWN OF CALEDONIA, RACINE COUNTY, Petitioner-Appellant, v. COUNTY COURT OF RACINE COUNTY, and another, Respondents.

No. 76–385. Decided June 1, 1977.
(Also reported in 254 N.W.2d 317.)

For petitioner-appellant: *Richard B. McConnell*, district attorney pro tem for Racine County, of Oconomowoc.

For respondents: *James Heft* and *Heft, Dye, Heft & Paulson* of Racine.

## PER CURIAM

The petitioner-appellant has appealed from an order of the circuit court quashing a petition for an alternative writ of prohibition.[1] Such writ was sought to prohibit the respondent, who presided over a Racine county grand jury investigation into alleged irregularities and misconduct in public office by officials of the town of Caledonia, from refusing to release and make public a report of the grand jury issued the same time as the grand jury returned indictments against three individuals. The three individuals named in the indictment have now been tried and the grand jury was discharged in March, 1976.

The respondent has filed a motion in this court to summarily affirm the order appealed from. Because we have concluded the county court properly refused to release and make public the grand jury report, we grant the motion to summarily affirm.

[1] We construe this petition as one for an alternative writ of mandamus. We recognize that mandamus is an extraordinary remedy which will not lie if there are other adequate and specific remedies at law, or if the act sought to be compelled be entirely within the discretion of the respondent, *State ex rel. Kurkierewicz v. Cannon*, 42 Wis.2d 368, 376, 166 N.W.2d 255 (1969), and that mandamus does not lie to control the exercise of judicial discretion, *State ex rel. Drew v. Shaughnessy*, 212 Wis. 322, 249 N.W. 522 (1933).

Similarly, before prohibition will lie, certain well-settled prerequisites must be satisfied. *State ex rel. Prentice v. County Court*, 70 Wis.2d 230, 234–5, 234 N.W.2d 283 (1975). Nevertheless, we do not base our decision in the instant case on the appellant's apparent failure to satisfy these various preconditions.

In an affidavit filed in support of the request to make the report public, the foreman of the grand jury asserts:

". . . the subject matter of the Progress Report did not deal in any way with the subject matter of the indictments that were handed down by the Grand Jury; that the Progress Report listed certain areas of concern that it had examined during its lengthy deliberations with regard to the overall conduct by the Town Board of Caledonia of the management of the affairs of said municipality, that it sincerely believed should be brought to the attention of the taxpayers and citizens of Racine County and particularly those residing in the Town of Caledonia.

"That the Progress Report of the Grand Jury was not critical of any named individual but rather addressed itself to certain practices by the governing body of the Town of Caledonia which the Grand Jury determined during its inquiry were not in the best interests of the citizens of said municipality; that in addition to noting such findings in its Progress Report, the Grand Jury after considerable deliberation and consideration made certain recommendations relating to the handling of financial affairs of the Town of Caledonia by the Town Board."

The statutory authority for a grand jury to make progress reports and return indictments is found in sec. 255.17, Stats., which provides:

"255.17 *Report progress and return indictments.* Said grand jury so selected may report progress and return indictments to the court from time to time during its session and until discharged."

In the case of *Report of Grand Jury,* 204 Wis. 409, 235 N.W. 789 (1931), this court was called on to determine whether a grand jury has the legal authority to file a report of the type involved here and whether such report should be made public. In that case, an individual who was not indicted by the grand jury for any wrongdoing was nevertheless criticized in a report issued by the grand jury for accepting private retainers while serving

on the City Attorney's staff in Milwaukee. The attorney sought to have the report stricken from the court files on the basis that it violated the law of secrecy of the grand jury. The lower court refused but on appeal this court reversed. In that case we stated:

". . . This [case] raises the question as to whether or not a grand jury has legal authority to file a report other than the report of progress and the returning of indictments. It is a fact that at various times courts have accepted such reports made by grand juries . . . At times these reports have gone unchallenged. At other times they have been challenged and requests have been made to strike them from the files. When an issue has been joined the rulings of courts of last resort in the vast majority of instances have been to the effect that a grand jury has no authority to make a report criticising individuals either by name or by inference that the grand jury's powers and authority are limited to those conferred upon it by law . . . The work of the grand jury is then done under the supervision of the court with the assistance of the district attorney. Its purpose is to discover wrongdoing and upon sufficient evidence to accuse individuals by indictment so that a proper prosecution of offenders may occur. Its function is judicial as distinguished from legislative. It is limited in its power to return indictments and report progress from time to time so that the court on whose order the grand jurors were summoned may be advised of the completion of the work.

"While the statute [sec. 255.17] does not in terms prohibit their extending their activities, that is impliedly commanded. If their investigation has disclosed nothing as a basis for accusing any one by indictment they should say so and depart." *Id.* at p. 411–412.

In that case we cited with approval a Michigan case wherein it was held that the grand jury has no right to file such a report unless it was followed by an indictment and that such report should not have been made public by being filed with the court. We went on to state:

"Publicity of the jury's proceedings is expressly prohibited by custom and by positive legislative enactment.

Every means is provided to maintain this privacy that can be and still have a practical method of impeaching witnesses who testify differently in a trial on an indictment from the way they did when before the grand jury.

"The legislative bodies, legislatures and common councils, are so amply provided with means for investigation into practices inimical to the public welfare and as it is in the province of these bodies to prohibit and modify in proper instances things not *malum in se,* there is no occasion for a court to depart from the field fixed for it by the constitution, legislation, and practice to invade that of the legislative branch of the government. While a report of a grand jury may at times be helpful, the doctrine which confines the grand jury's work to investigation and reporting indictments rests upon the soundest legal reason." *Id.* at p. 414.

Although in the instant case three indictments were returned, we view this case to be indistinguishable from *Report of Grand Jury, supra,* because of the foreman's affidavit revealing that the report sought to be published here does not ". . . deal in any way with the subject matter of the indictments . . ." Thus in neither case was the grand jury report connected to an indictment.

Despite this authority to the contrary, the petitioner-appellant contends the report of the grand jury in the instant case should be released. Relying on *State v. Krause,* 260 Wis. 313, 50 N.W.2d 439 (1951), the appellant argues the reasons for requiring secrecy of grand jury proceedings are three-fold: (1) to facilitate disclosure of crimes; (2) to prevent perjury and its subornation; and (3) to conceal the fact that the indictment has been returned so as to prevent the person named from eluding arrest. See also sec. 255.19, Stats. According to the appellant, when these purposes have been accomplished, as in the instant case because indictments have been returned, the trials held and the grand jury has been discharged, the necessity of retaining secrecy is at an end. *Id.* at p. 323.

*Krause* is inapposite to the instant situation. In *Krause,* the defendant was claiming he was entitled to a mistrial because the grand jury which had indicted him had failed to maintain the secrecy of its proceedings. This court rejected his arguments noting that the injunction of secrecy as to grand jury proceedings is for the benefit of the jurors and the public, not the one indicted. See also *State v. O'Connor,* 77 Wis.2d 261, 252 N.W.2d 671, decided April 19, 1977, wherein this court permitted limited access to usually secret John Doe proceedings noting that such access is the exception, not the rule. *Id.* slip op. at p. 12.

In the instant case, the grand jury seeks to issue its report which purportedly contains criticisms of certain perceived improprieties in the manner in which the town board of Caledonia has conducted the financial affairs of the town and contains recommendations for improvement. (Although a copy of the report is part of the record before this court, we have not read it because its contents are immaterial to the resolution of the legal question of whether such report should be made public). We conclude the respondent properly refused to release and make public this grand jury report. Our conclusion is based on the policy reasons set forth in *Report of Grand Jury, supra,* to-wit, a grand jury performs a judicial rather than legislative function and it is up to legislative bodies—not the courts—to investigate and remedy practices which might be unwise, but are not illegal.

An order of this court granting the respondents' motion for summary affirmance, see *Strange v. Harwood,* 172, Wis. 24, 177 N.W. 862 (1920), and *Day v. State,* 60 Wis.2d 742, 211 N.W.2d 466 (1973), will be entered.