[No. 2670–2. Division Two. December 21, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. RONALD HALL, *Petitioner*.

Marc T. Christianson, for petitioner.

Don Herron, Prosecuting Attorney, and Joseph D. Mladinov, Senior Deputy, for respondent.

PETRIE, J.—Ronald Hall challenges by personal restraint petition his conviction for unlawful possession with intent to deliver heroin in Pierce County cause No. 49221. Prior to trial he moved to dismiss pursuant to CrR 3.3(c) and (g), which require that defendants unable to obtain pretrial release because of the pending charge be brought to trial within 60 days following their preliminary appearance, or the charge shall be dismissed with prejudice. We deny the petition because petitioner's waiver of a right to appeal must be deemed in this case to preclude the granting of a personal restraint petition. The chronology of relevant events is set forth below.

On March 2, 1976, petitioner and a codefendant, Alexander Seawright, were charged with unlawful possession with intent to deliver heroin and arraigned in Pierce County cause No. 49221. Trial was set for April 21, 1976, within the 60-day rule. Seawright was able to obtain release, but petitioner was not—in part because of a "hold" placed on him for violation of parole.

On March 12, 1976, petitioner was arraigned on charges of sale and unlawful possession of heroin, Pierce County cause No. 49250. Trial was set for April 28, 1976, with Seawright again a codefendant.

On April 21, the day set for trial in No. 49221, Seawright moved for a continuance. Defendant Hall objected to the

imposition of the continuance upon him as a violation of the 60-day rule, but the court found that he was "incarcerated in other matters" and continued the trial in No. 49221 to May 10 and in No. 49250 to May 12.

On May 10, the trial in No. 49221 was continued until May 12, the result of the tardy arrival for trial by Hall's then attorney and the filing of an affidavit of prejudice against the trial judge by petitioner. The trial in No. 49250 was reset for May 19.

On May 10, petitioner's attorney moved to dismiss No. 49221 based on the 60-day rule. The motion was denied and the trial began on May 12, the 71st day since petitioner's preliminary appearance in No. 49221.

On May 19, No. 49250 was dismissed with prejudice for violation of the 60-day rule.

On May 25, 1976, petitioner was sentenced in No. 49221. Another charge had been pending against petitioner, grand larceny, Pierce County cause No. 49256. A plea bargain was struck between petitioner and the State. By the terms of the bargain the State waived its right to appeal the dismissal of No. 49250 and agreed to reduce the charge in No. 49256 from grand to petit larceny, with a recommendation that the sentence be served in Pierce County jail, with credit for time already served. For his part, defendant also waived his right to appeal his conviction in No. 49221. The statement of defendant on plea of guilty in No. 49256, signed in open court with advice of counsel, expressly relates these terms of the plea bargain. In addition, petitioner signed and filed a separate document entitled "Waiver of Right to Appeal" in which he expressly waived his right to appeal in No. 49221.

It is this plea bargain, and more particularly petitioner's waiver of his right to appeal the conviction in No. 49221, which raises the threshold issue here. May a defendant who voluntarily and knowingly waives his right to appeal under the terms of a plea bargain agreement nonetheless seek post-conviction relief from alleged errors at trial by the

alternative method of a personal restraint petition? The answer is, only under limited circumstances.

■ In *Koehn v. Pinnock,* 80 Wn.2d 338, 340, 494 P.2d 987 (1972), the court declared that one who deliberately bypasses his available remedy by appeal thereby waives his right to raise by habeas corpus the claimed errors occurring at his trial, except for grave constitutional errors. The personal restraint petition has become the vehicle for obtaining relief traditionally available by means of habeas corpus. RAP 16.3. Thus, the issue in the present case narrows to the question of whether or not the alleged violation of the 60–day rule is a "grave constitutional error" so that relief can be granted pursuant to this petition. *See also* RAP 16.4(c)(2).[1]

■ Of the speedy trial provisions in the sixth amendment to the United States Constitution, and in article 1, section 22 (amendment 10) of the Washington State Constitution, neither contains a quantitative definition of a speedy trial. CrR 3.3 was adopted by the Supreme Court in 1973 as a part of a set of Superior Court Criminal Rules. CrR 1.1 of those rules explains that they are intended to

---

[1] We do not undertake to explore in this opinion the full ramifications of RAP 16.4(c)(1) through (7), which allow relief from a "restraint" on several grounds, specifically including an error of constitutional magnitude in (c)(2). *Koehn v. Pinnock,* 80 Wn.2d 338, 494 P.2d 987 (1972), decided that a defendant who has not taken an appeal may not use a personal restraint petition to raise issues he could have raised by direct appeal, except for "grave constitutional errors." Much of the concurring opinion of Justice Finley in *Koehn v. Pinnock, supra* at 341–43, would have been superfluous had the majority holding been intended to be confined to situations of deliberate, affirmative waiver of a right to appeal rather than simply a failure to exercise that right. Thus, it does appear that RAP 16.4(c) should be read to require an appellate court to entertain a personal restraint petition as a substitute for an appeal not taken only if the alleged error producing the restraint falls within (c)(1) through (7) *and* is a "grave constitutional error."

Moreover, we observe that a defendant who enters a plea of guilty thereby waives an appeal "except as to collateral questions such as the validity of the statute violated, the sufficiency of the information, the jurisdiction of the court, or the circumstances under which the plea was made." *State v. Saylors,* 70 Wn.2d 7, 9, 422 P.2d 477 (1966). It can be argued that this doctrine further modifies the applicability of RAP 16.4(c)(1) through (7) when a personal restraint petitioner is challenging a plea of guilty rather than a conviction after trial.

govern *procedure* and to supersede all procedural statutes and rules that may be in conflict. They shall "not be construed to affect or derogate from the constitutional rights of any defendant." 82 Wn.2d 1114 (1973). The 60– and 90–day provisions, therefore, state procedural rules whose violation, to be sure, will result in dismissal of the charges under CrR 3.3(g), but which are not the embodiment of the constitutional right to speedy trial.

This conclusion is buttressed by cases construing RCW 10.46.010, the statutory 60–day limit that preexisted CrR 3.3. Under those cases, the 60–day rule was held not to be "an inflexible yardstick by which the constitutional guarantees to a speedy trial of felony charges would be measured"; instead, factors such as the length of and reason for the delay, the prejudice to the defendant, and waiver by the defendant were held to be relevant to a consideration of whether denial of a speedy trial reached due process proportions. *State v. Brewer,* 73 Wn.2d 58, 62, 436 P.2d 473 (1968). *Accord, State v. Garman,* 76 Wn.2d 637, 458 P.2d 292 (1969); *State v. Christensen,* 75 Wn.2d 678, 453 P.2d 644 (1969). Although those cases were decided at a time when a violation of the statutory 60–day rule did not automatically result in a dismissal of the charge with prejudice, as CrR 3.3(g) now provides, we see no reason to decide that the 60– and 90–day provisions of CrR 3.3 now quantify the constitutional right to speedy trial for all purposes.

The recent case of *State v. Franulovich,* 18 Wn. App. 290, 567 P.2d 264 (1977), recognizes the distinction between procedural and substantive guaranties of a speedy trial right, discussing the dichotomy in the context of the accused's attorney's power of waiver. The court there noted that counsel may not waive certain *fundamental* constitutional guaranties without the informed consent of his client. However, the court distinguished the waiver of mere procedural rules. The opinion quotes with approval a passage from *Townsend v. Superior Court,* 15 Cal. 3d 774, 781–82, 543 P.2d 619, 126 Cal. Rptr. 251 (1975), which recognized that

the *statutory* right to be tried within 60 days . . . cannot properly be termed "fundamental" in the foregoing sense and therefore beyond counsel's primary control. Being of statutory origin, a defendant's rights . . . are "merely supplementary to and a construction of the Constitution . . ." They do not carry the force or weight of constitutionally mandated imperatives. In this connection we think it significant that the United States Supreme Court has clearly rejected the proposition that the constitutional right to a speedy trial ". . . can be quantified into a specified number of days or months." (*Barker v. Wingo* (1972) 407 U.S. 514, 523, [33 L.Ed.2d 101, 113, 92 S. Ct. 2182].)

*See also* the dicta in *State v. Aleshire,* 89 Wn.2d 67, 69, 568 P.2d 799 (1977); *Seattle v. Crockett,* 87 Wn.2d 253, 257, 551 P.2d 740 (1976), and *State v. Pomeroy,* 18 Wn. App. 837, 573 P.2d 805 (1977). *Accord, Cohen v. United States,* 366 F. 2d 363 (9th Cir. 1966), *cert. denied,* 385 U.S. 1035, 17 L. Ed. 2d 682, 87 S. Ct. 771 (1967); *People v. Kelley,* 105 Ill. App. 2d 481, 244 N.E.2d 818 (1969); *State v. Kuhnhausen,* 201 Ore. 478, 272 P.2d 225 (1954); *Day v. State,* 60 Wis. 2d 742, 211 N.W.2d 466 (1973).

In the case at bench, petitioner knew a possible challenge existed to his conviction in No. 49221 on the basis of the 60–day rule, because he had moved to dismiss on that ground prior to trial. Nevertheless, he relinquished his right to raise that error by waiving his right to appeal as part of the plea bargain in No. 49256. We hold that, absent a showing of prejudice to a defendant of due process dimensions, a violation of the 60– and 90–day provisions of CrR 3.3 is not, per se, a violation of his constitutional right to speedy trial. *See Barker v. Wingo, supra; State v. Agtuca,* 12 Wn. App. 402, 529 P.2d 1159 (1974). A violation of the rule does not automatically rise to the stature of a "grave constitutional error" so as to require the granting of relief to a personal restraint petitioner who elects not to argue the rule violation on appeal. Because the petitioner has not

shown prejudice such as would indicate a deprivation of his constitutional right to speedy trial, the petition is denied.

PEARSON, C.J., and REED, J., concur.