**People of the State of Illinois, Plaintiff-Appellee, v. LeRoy Knox, Defendant-Appellant.**

**Gen. No. 68–195.**

Second District.

November 13, 1969.

John T. Beynon, Public Defender, of Rockford, and John F. McNamara, Assistant Public Defender, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, and John C. Tower, Assistant State's Attorney, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

A jury found the defendant, LeRoy Knox, guilty of the offense of voluntary manslaughter in connection with the death of Claude Spearman. The court entered a judgment of conviction on the verdict, denied the defendant's

petition for release on probation and sentenced him to a term of not less than three nor more than ten years in the penitentiary.

The defendant appealed, urging that the jury was not properly instructed by the trial court; that the State failed to prove the defendant guilty of the charge against him beyond a reasonable doubt; and that, in the alternative, the court erred in denying the defendant's petition for release on probation, or in imposing a sentence of three to ten years.

The death of Claude Spearman resulted from multiple gunshot wounds which took place on March 2, 1968. Spearman came to the defendant's residence that evening looking for JoAnn Hunter, his estranged girl friend, who at the time was hiding in defendant's bedroom. Spearman had been drinking and was armed with the gun which caused his death. He also carried additional rounds of live ammunition. He had come to the defendant's house on prior occasions looking for JoAnn, and at the time in question, he accused the defendant of knowing where she was.

The defendant attempted to get Spearman to leave and put away his gun. Spearman agreed to leave the house if the defendant would go to a nearby bar with him. The defendant, who was not fully dressed, went to his bedroom to get his shoes. Spearman followed him into the bedroom and saw JoAnn's clothes laying on a laundry hamper. He then drew his gun and threatened to kill the defendant, and did fire a shot which missed him.

Spearman then said he would give the defendant to the count of three to tell him where JoAnn was, or he would kill him. At the count of two, JoAnn, who was under the bed, jumped from her hiding place and yelled, "Here I am, Claude Lee." Spearman then began to curse and yell, and told the defendant to turn on the light. The

latter said there was none, but Spearman, nevertheless, renewed his request. The defendant then moved toward Spearman, lunged at him, and knocked the gun out of his hand and onto the floor. As JoAnn fled from the room and the house, both men were trying to get the gun.

At this point a witness, Pearl Hawks, came to the door of the defendant's house. She had heard the struggle and fighting from the outside. She testified that she saw the defendant and Spearman standing close together facing each other in the hallway; that they had been scuffling; that the defendant had the gun in his right hand and was yelling, "I'll kill you"; that three or four shots were fired, both men fell to the floor, and another shot was fired. Pearl Hawks also testified that the defendant's hand came up with the gun; that he hit Spearman; and that he then stood up and kicked him.

Dr. Keith M. Truemner, who performed the autopsy, testified as to the position of the wounds on the body. The State contends that such evidence tended to show the number of shots fired and the relative position of the deceased and the defendant when the shots were fired; and that such facts were important to the issue of whether or not the defendant was acting in self-defense when he shot the deceased.

The defendant contends that the instruction on circumstantial evidence was improper. The instruction read:

> "The court instructs the jury that circumstantial evidence in criminal cases is the proof of such facts and circumstances connected with or surrounding the commission of the crime charged as tend to show the guilt or innocence of the party charged, and if the facts and circumstances shown by the evidence in this case are sufficient to satisfy the jury of the guilt of the defendant beyond a reasonable doubt, then such evidence is sufficient to authorize the jury in finding such defendant guilty. The law authorizes a conviction whenever there is sufficient legal evi-

dence to show the defendant's guilt beyond a reasonable doubt, and circumstantial evidence is legal evidence."

■■ The testimony of the doctor clearly was admissible. The People v. Ciucci, 8 Ill2d 619, 625, 626, 137 NE2d 40 (1956); The People v. Kreutzer, 354 Ill 430, 437, 188 NE 422 (1933); 14A ILP, Criminal Law, § 346. Also, we think it was proper to give an instruction on circumstantial evidence, based upon the testimony of the doctor. The defendant contends that even if an instruction on circumstantial evidence should have been given, the instruction is an incorrect or confusing statement of the law. The defendant suggests that Illinois Pattern Jury Instructions, Criminal No. 3.02, is a correct statement of the law and indicates it is the type of instruction which should have been given. It states:

"Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of (the) (a) defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict."

■■ We agree that the IPI instruction is much to be preferred. However, the IPI instructions were not available when this case was tried. While we do not approve of the form of instruction as given, we conclude that it was not so misleading as to warrant a reversal. Likewise, neither do we believe that it caused a different verdict than otherwise would have been rendered by the jury, nor that any defects in the instruction constituted prejudicial error. The People v. Ciucci, supra, 628; People v. Gonzales, 107 Ill App2d 44, 55, 245 NE2d 791 (1969).

■ Also, at the conference, the defendant did not object to the instruction on the basis that it was an improper

433

statement of the law. The only objection was that there was no evidence on which to justify such instruction. Defects in instructions are waived unless objection is made thereto in the trial court. People v. Kelley, 105 Ill App2d 481, 485, 244 NE2d 818 (1969).

■■ The only exception to the foregoing rule is that substantial defects are not waived in a criminal case by a failure to make a timely objection, if the interest of justice so requires. Supreme Court Rule 451 (Ill Rev Stats 1967, c 110A, par 451). Supreme Court Rule 451 places upon one, who seeks, in the reviewing court, to avoid a waiver for failure to make a specific objection, the burden of establishing: (a) that the defects in the instruction are substantial, and (b) that the giving of the instruction resulted in denying to the defendant a fair trial and justice. People v. Price, 96 Ill App2d 86, 95, 238 NE2d 881 (1968). We do not believe that the defendant has sustained that burden in the case at bar.

■■■ The defendant also contends that the giving of People's Instruction No. 10 was error. This instruction reads:

> "The Court instructs the jury that any free and voluntary statements or admissions made by the defendant as to any material fact in this case is competent evidence against the defendant, and it is the duty of the jury to consider such statements or admissions in connection with all other evidence in the case."

He contends that this instruction leaves to the jury the determination of the material facts of the case. It is true that the determination of questions of law is the province of the court, and that instructions, which leave to the jury the determination of what are the material issues in a criminal case, are erroneous. The People v. Scott, 401 Ill 80, 85, 81 NE2d 426 (1948) ; The People v. Arcabascio, 395 Ill 487, 499, 70 NE2d 608 (1947). However, it is for the jury to determine facts of the case,

and where the instructions, as a whole, inform the jury of the facts which are essential to the proof of the commission of a specific crime, any error in giving an instruction—such as People's Instruction No. 10—will not be considered so prejudicial as to warrant a reversal.

 We agree that IPI, Criminal No. 3.06, is a better instruction on this issue. However, in the case at bar, the instructions as a whole, indicate that the jury was properly instructed as to what elements were material in determining the innocence or guilt of the defendant, and they were not so numerous and complex as to confuse and mislead the jury. Again, the defendant did not object to the instruction on the ground which he now asserts. His only objection at the conference was that the instruction was "very poor."

The defendant also objects to People's Instruction No. 11 which was, essentially, the language of section 7–1 of c 38, Ill Rev Stats 1967, relating to the justifiable use of force against another. The instruction was in the exact statutory language, except that it did not contain the last phrase, "or the commission of a forcible felony." The defendant here agrees that the latter phrase was not applicable and should not have been included.

 However, the defendant argues that the first sentence of the statute, and instruction, pertains to that use of force which is justified in defending oneself against another's imminent use of unlawful force, and the second sentence deals with the justifiable use of a force which is likely to cause death or great bodily harm. He contends that only the second sentence is applicable to this case and that it was error to include the first sentence in the instruction. We cannot agree! The second sentence is in the nature of a restriction and it limits what otherwise might be a justifiable force under the first sentence. One may use force against another when and to the extent that he reasonably believes it necessary to defend himself against another's imminent use of unlawful

force, but he may use such force as is likely to cause death or great bodily harm to another, *only* if he reasonably believes it necessary to prevent imminent death or great bodily harm to himself or another.

 Thus, where, as here, the use of force by the defendant was a gun at close range, the statute and instruction advise that this is justifiable only if he believes it necessary to avoid imminent death or great bodily harm to himself. It may be appropriate under proper circumstances to give only the first sentence of the statute in an instruction—such as where the force used to defend was not likely to kill or cause great bodily harm to another—but no circumstances have been called to our attention wherein it would be proper to give only the second sentence. See: Committee Note IPL, Criminal No. 24.06. Thus, we conclude that the trial court properly gave the People's instruction No. 11 and properly refused to give the defendant's tendered instruction on this issue.

 The defendant also contends that the State failed to prove him guilty beyond a reasonable doubt. Where, as in the case at bar, the truth lay within a controverted set of facts which were before the jury for determination, and where sufficient evidence is offered by the State to establish guilt beyond a reasonable doubt, and such evidence is believed by the jury, we will not reverse the jury's verdict. The People v. Goodpaster, 35 Ill2d 478, 480, 221 NE2d 251 (1966) ; 15 ILP, Criminal Law, § 911.

 The jury had to determine from the facts before it whether the defendant's belief that he had to use deadly force against Spearman was reasonable. The jury could well have believed from the testimony of Pearl Hawks, as well as from other portions of the evidence—which indicated that the defendant had disarmed Spearman—that Spearman was then begging for his life as the then armed defendant threatened him; that the hunt-

436

er had become the hunted; that the struggle for control of the gun had ended; and that the defendant then shot Spearman five times, then hit and kicked him. The jury may well have concluded that the defendant's conduct, under these circumstances, indicated a mind bent on revenge, or retaliation rather than on extrication from reasonably apparent danger. People v. Dorsey, 98 Ill App2d 259, 268, 269, 240 NE2d 391 (1968). The jury's finding that the defendant was guilty, beyond a reasonable doubt of voluntary manslaughter, was not contrary to the manifest weight of the evidence.

The defendant further contends that the trial court erred when it denied his petition for probation, and, alternatively, that the court erred in imposing a sentence of from three to ten years in the penitentiary. Within the limits of the statute relating to probation (Ill Rev Stats 1967, c 38, par 117-1), the granting or denying of probation is within the discretion of the trial court. It is not within our discretion to determine whether or not the trial court should have granted probation. It is for us to determine the narrow question of whether the trial court, in fact, exercised discretion, or acted in an arbitrary manner in denying probation. People v. McAndrew, 96 Ill App2d 441, 444, 445, 239 NE2d 314 (1968). It appears from the record that the court heard the testimony at the trial, and, in addition, had before it the probation officer's report, and had the benefit of a full hearing on the matter of probation. There is no affirmative showing that the court acted arbitrarily or discriminatorily, and under these circumstances the action of the trial court will not be disturbed. The People v. Pelikan, 6 Ill2d 275, 277, 278, 128 NE2d 741 (1955).

As to the propriety of the sentence imposed, we note that the crime of which the defendant was convicted, carries as its penalty an indeterminative sentence of from one to twenty years. Although it appears that

the defendant had no criminal record prior to this offense, nevertheless, it does not appear that the trial court abused its discretion in imposing the sentence in question.

We considered a similar contention in People v. Juve, 106 Ill App2d 421, 245 NE2d 293 (1969) and therein stated, at pages 428, 429, that when the sentence imposed is within the limits prescribed by the legislature, we may not disturb the sentence unless it constitutes a great departure from the fundamental law and its spirit and purpose, or is manifestly disproportionate to the nature of the offense.

We cannot say that the trial court abused its discretion in imposing the sentence in question. Accordingly, the conviction and sentence of the defendant is affirmed.

Judgment affirmed.

MORAN, P. J. and SEIDENFELD, J., concur.