THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIE TILLMAN, Defendant-Appellant.

First District (3rd Division)    No. 76-1117

Opinion filed May 4, 1977.

James Geis, of State Appellate Defender's Office, of Chicago, and Kathy M. Morris, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Linda Ann Miller, and William E. Spizzirri, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The defendant, Willie Tillman, was charged with attempt murder and three counts of aggravated battery upon one David Butler. A jury found defendant guilty of all four charges. The trial court vacated the findings

on two of the aggravated battery counts, holding that the three counts arose from the same act. The court sentenced the defendant to ten to twelve years for attempt murder, and to five to ten years for the remaining aggravated battery, the sentences to run concurrently. On appeal defendant contends that the trial court committed reversible error in instructing the jury, and that the conviction for aggravated battery must be reversed because it was based upon the same conduct supporting the attempt murder conviction. Defendant argues in the alternative that the minimum sentence for aggravated battery must be modified on the ground that defendant's election to be sentenced under the previous code was not based upon full knowledge.

Shortly after midnight on May 21, 1972, David Butler entered a tavern in the city of Chicago to use the washroom. As he left the washroom, he noticed defendant acting boisterously. Outside the tavern, Butler became involved in a brief verbal argument with a woman whose vehicle had been bumped in front of the tavern by a vehicle driven by Butler's friend. A few minutes later, Butler saw defendant and Butler's friend engage in a fist fight. When the fight broke up, defendant departed accompanied by the aforementioned woman. Defendant stated that he would be back. Butler reentered the tavern, ordered a beer, and sat at the bar.

A few minutes later, Butler heard a commotion. Defendant came up holding a gun in his right hand and swung at Butler with his left hand. When Butler threw up his arm to protect his face, defendant shot him in the left chest. Defendant again shot Butler, resulting in the latter being thrown face-first to the floor. As Butler attempted to arise, defendant shot him in the back. Defendant slowly fired three more shots into Butler's back. Defendant fled, and was apprehended approximately two years later.

At trial, Butler and the bartender, Howard Agnew, identified defendant as the man who shot Butler six times. Butler's cousin, Homer Butler, testified that he saw defendant at the scene of the crime and testified about the earlier quarrels and defendant's threat. It was also brought out at trial that after eight months in a hospital and rehabilitation institute, Butler was without use of his legs and had no control over his bowel and bladder.

Defendant initially urges that the trial court committed reversible error in the giving of certain instructions pertaining to attempt murder.

The indictment charging defendant with attempt murder states in pertinent part that:

"On May 21, 1972, * * * Willie Tillman committed the offense of attempt, in that he, with intent to commit the offense of murder, intentionally and knowingly, attempted to kill David Butler by shooting him with a gun without lawful justification * * *."

Defendant challenges the following three instructions which were given to the jury:

"A person commits the crime of attempt who, with the intent to commit Murder, does any act which constitutes a substantial step toward the commission of the crime of Murder.

The crime attempted need not have been committed." IPI Criminal No. 6.05

"A person commits the crime of murder who kills an individual if, in performing the acts which cause the death, he intends to kill or do great bodily harm to that individual; or

he knows that such acts will cause death to that individual; or

he knows that such acts create a strong probability of death or great bodily harm to that individual." IPI Criminal No. 7.01, with reference to felony-murder deleted.

"To sustain the charge of attempt, the State must prove the following propositions:

*First:* That the defendant performed an act which constituted a substantial step toward the commission of the crime of Murder; and

*Second:* That the defendant did so with intent to commit the crime of Murder. If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty. If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty." IPI Criminal No. 6.07.

At trial, defendant made no objection to any of the foregoing instructions at the instructions conference nor did his motion for a new trial raise any issue regarding the instructions in question. However, he now argues in this court that in view of the instructions given, the jury could have believed that it was permitted to return a verdict of attempt murder based upon a state of mind contemplating great bodily harm, absent a necessary finding of the specific intent to kill required for that crime. See *People v. Trinkle* (1976), 40 Ill. App. 3d 730, 353 N.E.2d 18; *People v. Muir* (1976), 38 Ill. App. 3d 1051, 349 N.E.2d 423.

■■ The State argues that defendant waived any objections to the instructions given by not raising an objection either during the trial when the instructions were proposed or after the trial in the post-trial motion. Failure to object to instructions at the trial court level ordinarily operates as a waiver of any such objection on appeal. (*People v. Mallett* (1970), 45 Ill. 2d 388, 259 N.E.2d 241.) Supreme Court Rule 451 permits an exception to the rule by providing that substantial defects are not waived

by failure to make timely objections if the interests of justice so require. (See *People v. Robinson* (1974), 21 Ill. App. 3d 343, 315 N.E.2d 95.) However, to avoid waiver for failure to make an objection, defendant must establish that the defects in the instruction are substantial, and that the giving of the instructions resulted in a denial of fair trial and justice. *People v. Knox* (1969), 116 Ill. App. 2d 427, 252 N.E.2d 549; *People v. Price* (1968), 96 Ill. App. 2d 86, 238 N.E.2d 881.

■■ Under the circumstances of the present case, the giving of the instructions in question did not deny defendant a fair trial and justice. The facts are not closely balanced. Two unrebutted eyewitnesses testified that defendant at close range fired six shots into the victim. The deliberate firing of six bullets at Butler renders the evidence overwhelming that defendant's actions were accompanied by an intent to kill. Any ambiguity in the attempt instructions could not have misled the jury or prejudiced defendant so as to have denied him a fair trial. We hold, therefore, that the defendant has waived his right to raise the question of the instructions for the first time on appeal.

Defendant also contends that judgments of conviction should not have been imposed for both aggravated battery and attempt murder since both charges arose out of the same conduct.

Where the acts which constitute the offense of aggravated battery are not independently motivated or otherwise separable from the conduct which constitutes the offense of attempt murder, there can be but one conviction and one sentence. (See *People v. Stewart* (1970), 45 Ill. 2d 310, 259 N.E.2d 24.) This position was conceded to be valid by the State in *People ex rel Walker v. Pate* (1973), 53 Ill. 2d 485, 292 N.E.2d 387, where it was held to be error to convict for aggravated battery as well as for attempt murder, since both crimes resulted from the same conduct.

■■ The State urges, however, that two independently motivated and separate crimes occurred in the present case in that defendant's slow and deliberate firing of six bullets indicated that certain of his actions were only intended to inflict great bodily harm. It first should be noted that in our discussion of defendant's initial contention concerning instructions we concluded that the evidence was overwhelming that defendant's conduct revealed a specific intent to kill Butler. We believe that under the circumstances of this case the shooting of Butler constituted one act. In *People v. Steen* (1972), 9 Ill. App. 3d 488, 292 N.E.2d 513, defendant was found guilty of both attempt murder and aggravated battery. There, the victim was shot five times in the face, shoulder and arm. Two eyewitnesses testified that the victim was shot in the face and dropped to the floor, and that the defendant then leaned over the bar and resumed firing the gun. This court held that both convictions were based on the identical conduct of pulling the trigger five times and reversed the

conviction for the lesser offense of aggravated battery. In *People v. Walker* (1975), 26 Ill. App. 3d 955, 326 N.E.2d 63, the facts disclosed that defendant shot a police officer in the neck at a distance of two to three feet. After that injury was sustained, the officer ran and was shot in the foot by the defendant. We held that the two convictions for attempt murder and aggravated battery arose out of the same conduct, the shooting of the officer, and we vacated the aggravated battery conviction. Similarly, in the present case, we conclude that both offenses arose out of the same conduct, the firing of six shots at David Butler. We, therefore, reverse the conviction for aggravated battery. In view of our holding, it is unnecessary to consider defendant's alternative contention that the aggravated battery sentence must be reduced.

For the reasons stated, the judgment of the circuit court of Cook County as to the conviction on the charge of attempt murder is affirmed. The judgment as to the conviction for the offense of aggravated battery is reversed.

Affirmed in part; reversed in part.

JIGANTI and McGILLICUDDY, JJ., concur.