THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LESTER CARLYLE, Defendant-Appellant.

Fifth District   No. 77-328

Opinion filed January 25, 1979.—Supplemental opinion filed on denial of rehearing March 8, 1979.

Michael J. Rosborough, John H. Reid, and Rafael Schwimmer, all of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert F. A. Stocke, State's Attorney, of Louisville (James E. Hinterlong and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KUNCE delivered the opinion of the court:

Defendant-appellant Lester Carlyle was convicted of felony theft after a jury trial in the Circuit Court of Clay County, and was sentenced to three to nine years in the penitentiary. On appeal, he raises two issues: that he was denied effective assistance of counsel by a *per se* conflict of interest, and that he was denied a fair trial by the court's failure, *sua sponte*, to instruct the jury as to the element of unauthorized control required to prove the offense of theft. Finding both contentions meritless, we affirm.

Both the defendant and his accomplice, Ernest Gragert, were represented initially by the same public defender, Scott Belford. After Belford had negotiated a guilty plea to misdemeanor theft for Gragert, he

moved to withdraw as counsel for the defendant. Neither the State nor the defendant objected to the trial court's granting of the motion and subsequent appointment of Stanley Stasiulis, another public defender. Gragert was called by the State to testify at the defendant's trial, and his testimony inculpated the defendant. No conflict of interest was alleged in the defendant's motion for a new trial.

■■ We need not decide whether or not the instant case is distinguishable on its facts from *People v. Spicer*, 61 Ill. App. 3d 748, 378 N.E.2d 169 (5th Dist. 1978), *appeal allowed* (1978), 71 Ill. 2d 613, *People v. Baxtrom*, 61 Ill. App. 3d 546, 378 N.E.2d 182 (5th Dist. 1978), and *People v. Meng*, 54 Ill. App. 3d 357, 369 N.E.2d 549 (5th Dist. 1977), cited by the defendant. We find that this case is controlled by the recent opinion of the Illinois Supreme Court in the case of *People v. Precup*, 73 Ill. 2d 7, 382 N.E.2d 227 (1978).

In *Precup*, the court held that where the issue of joint representation of parties with conflicting interests was not raised at trial nor in the motion for a new trial, and where it did not appear that the failure of the trial court to raise the issue *sua sponte* was an error affecting the defendant's substantial rights, the issue was waived and could not be raised for the first time on appeal.

The defendant does not contend here, nor do we find, that it is "plainly apparent from the record that an error affecting substantial rights was committed" (73 Ill. 2d 7, 17, 382 N.E.2d 227, 231) in the case before us. Defendant's counsel attacked the credibility of Gragert in his opening statement and in his closing argument, referring to him as a thief and a liar. Gragert was thoroughly cross-examined as to his motivation for testifying and as to the circumstances surrounding his negotiated plea. The jury was instructed according to IPI Criminal No. 3.17 that Gragert's testimony was subject to suspicion and should be considered with caution. Although the defendant attempted to raise a reasonable doubt that he participated in the offense, there was clear testimony from the man who purchased the stolen goods within hours of the theft that the defendant was one of two men who sold them to him.

We therefore hold that the conflict of interest issue has been waived.

The issues instruction submitted by the State and given to the jury without defense objection failed to include among the propositions that the State must prove beyond a reasonable doubt that the defendant exerted unauthorized control over the property in question. (See, *e.g.*, *People v. Miller*, 24 Ill. App. 3d 504, 321 N.E.2d 109 (5th Dist. 1974).) The defendant neither submitted an issues instruction of his own nor raised the alleged error in his motion for a new trial.

■■ Although generally a party must request an instruction that he wants given, and the court has no obligation to instruct on its own motion, it has

been held that the requirements of a fair trial in a criminal case impose on the court the obligation to insure that the jury is properly instructed on the elements of the offense charged. (*People v. Parks*, 65 Ill. 2d 132, 357 N.E.2d 487 (1976), and cases cited therein.) However, to avoid the application of the waiver rule because of the failure to raise the issue in the motion for new trial, the defendant must establish that the defect in the instruction was substantial and resulted in the denial of a fair trial. *People v. Tillman*, 48 Ill. App. 3d 594, 363 N.E.2d 109 (1st Dist. 1977).

■ Although we agree with the defendant that the instruction given was deficient, any error was certainly harmless on this record. Other instructions properly defined the elements of theft, including "unauthorized control." There was absolutely nothing to suggest that the defendant's control over the property in question was authorized, nor that the jury was misled by the omission in the challenged instruction. Defendant's exercise of unauthorized control over the property of another, as well as all the other elements of theft, was proved beyond a reasonable doubt. We hold, therefore, that the defendant waived his right to raise the question of the instruction for the first time on appeal.

For the foregoing reasons, the judgment of the Circuit Court of Clay County is affirmed.

Affirmed.

MORAN, P. J., and KARNS, J., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE KUNCE delivered the opinion of the court:

In his petition for rehearing, the defendant urges that the reliance on *People v. Precup* in our original opinion was misplaced. The petition suggests that our supreme court has overruled *Precup, sub silentio*, in three recent cases: *People v. Echols*, 74 Ill. 2d 319, 385 N.E.2d 644 (1979), *People v. Berland*, 74 Ill. 2d 286, 385 N.E.2d 649 (1979), and *People v. Vriner*, 74 Ill. 2d 329, 385 N.E.2d 671 (1979). These cases are cited to us for the proposition that when a conflict claim is raised for the first time on appeal, "the record must be reviewed, the merits discussed, and the issue resolved."

We do not find the cases cited inconsistent with *Precup*. None of them holds that the waiver rule may not preclude consideration of a supposed conflict of interest raised for the first time on appeal. In fact, unlike *Precup*, none of the three cases even directly addresses that question.

■ It is now clear that a conflict of interest is not inherent in joint

18

representation situations; nor is joint representation of criminal co-defendants *per se* violative of the guarantee of effective assistance of counsel. (*Holloway vs. Arkansas*, 435 U.S. 475, 55 L. Ed. 2d 426, 98 S. Ct. 1173 (1978); *People v. Berland; People v. Vriner.*) To prevail on a claim of denial of effective assistance of counsel, a defendant must show an actual conflict of interest manifested at trial. (*People v. Berland; People v. Vriner.*) Where it is plainly apparent from the record that there was an actual conflict precluding counsel's undivided loyalty, which should have been perceived and addressed by the trial court *sua sponte,* then the plain error rule can be used by the reviewing court to mitigate the harshness of the waiver rule. (*People v. Precup.*) *People v. Echols* is an example of such a plainly apparent conflict. Where no conflict appears, there is no occasion for judicial inquiry. *People v. Berland.*

We persist in our previous holding that the conflict issue alleged here for the first time on appeal was waived. Were there any need for us to reach the merits, we have little doubt that we would hold against the defendant. It appears to us he "had not only effective assistance, but the exclusive assistance of his own attorney, totally unfettered and unimpaired by any conflicting duties and loyalties." *People v. Vriner,* 74 Ill. 2d 329, 341, 385 N.E.2d 671, 676 (1979).

The petition for rehearing is denied.

Petition denied.

G. MORAN, P. J., and KARNS, J., concur.