THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ERNEST SALLY, Defendant-Appellant.

Third District   No. 79-907

Opinion filed May 14, 1980.—Rehearing denied June 18, 1980.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Timothy J. Slavin, State's Attorney, of Morrison (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant Ernest Sally was charged by information with criminal damage to property and attempt escape. Following a jury trial, he was found guilty as charged, and a conviction was entered on the attempt verdict only. An extended term of imprisonment for 10 years was imposed following a presentence investigation and sentencing hearing.

This appeal questions whether defendant was denied his right to effective assistance of counsel because a *per se* conflict of interest existed where defense counsel had previously represented the State's chief witness in a prosecution for the same offense with which defendant was charged. In addition, defendant challenges the imposition of an extended term sentence on several grounds. We affirm.

The evidence introduced at trial showed that defendant and Robert Smith, a fellow inmate in the upper east cell block of the Whiteside county jail, attempted to escape from the jail by chiseling around a window with a metal bar and hacksaw blade. When they realized their efforts were futile, defendant and Smith formulated another plan of escape which involved holding a guard hostage. No action was taken in furtherance of this plan. The only disputed testimony concerned who originated the escape plans, with Smith stating that defendant made the plans while defendant testified that Smith was the instigator.

Smith pleaded guilty to attempt escape for this incident and was serving a sentence for it at the time of defendant's trial. The public defender appointed to represent defendant in the present case had also represented Smith in his guilty plea. This fact was made known to the trial court when defendant's appointed private counsel filed a motion to withdraw. The State indicated to the court at that time that it intended to call Smith as its chief witness and pointed out the possibility of a conflict of interest. The trial court, finding that no conflict would exist, allowed the motion to withdraw and appointed the public defender to represent defendant.

Defendant now contends that the prior representation of Smith by the public defender creates a *per se* conflict of interest which denies him the effective assistance of counsel. We disagree.

o 1 Preliminarily we note the State's argument that the defendant has waived any issue concerning a *per se* conflict of interest by his failure to raise the issue at trial or in his post-trial motion, citing *People v. Precup*

(1978), 73 Ill. 2d 7, 382 N.E.2d 227, and *People v. Carlyle* (1979), 69 Ill. App. 3d 14, 387 N.E.2d 1. However *Precup* and *Carlyle* do not apply to the instant case because here, unlike *Precup*, there was no post-trial review by an independent attorney. As we said in *People v. Hunt* (1979), 73 Ill. App. 3d 1034, 1037, 392 N.E.2d 793, 795, "Under the circumstances in this case, where no independent counsel had entered the case who could have been expected to detect a conflict, trial counsel might have overlooked it. (*People v. Mathes* (1979), 69 Ill. App. 3d 275, 282, 387 N.E.2d 39, 44.)" To find a waiver under such circumstances would be inappropriate.

■ Defendant argues that the *per se* conflict of interest rule first formulated in *People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441, is applicable here. Under that rule, if an attorney's commitments to others undermines his loyalty to the defendant's interests, then prejudice is presumed, and reversal is mandated on grounds of ineffective assistance of counsel. Defendant's argument is not persuasive, however, since the instant case does not present a *per se* conflict situation. The joint representation of codefendants does not create an automatic *per se* violation of defendant's right to effective counsel, and there is no presumption that the interests of criminal codefendants are necessarily hostile. (*People v. Echols* (1978), 74 Ill. 2d 319, 385 N.E.2d 644; *People v. Hunt* (1979), 73 Ill. App. 3d 1034, 392 N.E.2d 793.) Rather, the defendant must show an actual conflict manifested at trial. The inquiry must be whether the interests of the codefendants are antagonistic. If so, even when the attorney's services to the first codefendant have been terminated, reversal is required.

In support of his conflict of interest argument, defendant cites *People v. Ware* (1968), 39 Ill. 2d 66, 233 N.E.2d 421, *People v. Drysdale* (1977), 51 Ill. App. 3d 667, 366 N.E.2d 394, and *People v. Halluin* (1976), 36 Ill. App. 3d 556, 344 N.E.2d 579.

In *Ware*, one codefendant pleaded guilty and before being sentenced appeared as a witness for the State. The Illinois Supreme Court found a conflict in the attorney's continuing responsibility to the witness-codefendant to present him in a favorable light for sentencing purposes while conducting a thorough cross-examination of him on behalf of the second codefendant. In contrast, in the case at bar, the testimony of Smith did not conflict with that of defendant except as to who initiated the escape plans, and this information was not critical to the jury's determination of guilt. In *Halluin*, one codefendant pleaded guilty, was sentenced, and then served as the sole witness directly placing the defendant at the scene of the crime. The court found reversible error in this situation where the record revealed that defense counsel's cross-examination of his former client was less than thorough. In the present

case, Smith's testimony was not needed to place defendant at the scene of the crime, and the record reveals a thorough, vigorous cross-examination. In *Drysdale*, the defendant's attorney had previously represented a prosecution witness in involuntary commitment proceedings. The court found a *per se* conflict of interest in that situation, because the general subject matter of the previous employment was a proper subject for cross-examination and impeachment. Furthermore, in *Drysdale*, the defendant was never admonished of the significance of the potential conflict. In the present case, defendant was admonished at the pretrial hearing. In addition, here the cross-examination was not hampered by the previous employment because no inconsistent defenses were established.

■ Although defendant is correct in his contention that the Illinois Supreme Court does not consider the public defender's office to be an "entity" for conflict of interest purposes (*People v. Miller* (1980), 79 Ill. 2d 454, 404 N.E.2d 199), and thus representation of codefendants by two public defenders from the same office is not a conflict situation while the services of the same public defender, as in the present case, may create a conflict, for the reasons given above, we find such representation in the present case did not give rise to a *per se* conflict of interest requiring reversal.

■ Next defendant challenges the imposition of the 10-year extended prison term on several grounds. The first of these is based on his interpretation of the applicable statutes as calling for the imposition of extended terms for classified crimes but not for the unclassified crime of attempt. As the State's brief points out, however, the extended term provision deals exclusively with maximum sentences and not with crime classification. Thus, because the maximum sentence for the crime of attempt may be determined by reference to section 5—8—1 of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—1), the extended term provisions of section 5—8—2 are applicable.

Defendant also contends that the trial court committed error because the information did not include an allegation of his prior conviction, upon which the extended term is based, and because the court failed to find two aggravating factors under the Code. The statute to which defendant refers reads as follows:

> "(b) [T]he following factors may be considered by the court as reasons to impose an extended term sentence under Section 5—8—2 upon any offender who was at least 17 years old on the date the crime was committed:
>
> (1) When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such

charges are separately brought and tried and arise out of different series of acts; or

(2) When a defendant is convicted of any felony and the court finds that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(b).)

Specifically, defendant contends that both factors must be found before an extended term is given.

The recent case of *People v. Racinowski* (1979), 78 Ill. App. 3d 954, 397 N.E.2d 932, is dispositive of both arguments. In *Racinowski* this court held that the prior conviction need not be contained in the information to impose an extended term since that provision of the statute is discretionary.

In *Racinowski* we also held that a finding of either factor in aggravation was sufficient to support an extended term sentence. Accord, *People v. Butler* (1979), 78 Ill. App. 3d 809, 396 N.E.2d 1374; *People v. Gray* (1979), 80 Ill. App. 3d 213, 399 N.E.2d 206.

Finally defendant contends that the trial court erred in imposing the extended sentence because it did so on the mistaken belief that attempt escape was a Class 3 felony with a five-year minimum sentence of imprisonment. However, the trial court never stated that attempt escape was a Class 3 felony or that it believed the crime carried a minimum sentence. Defendant's argument is based on a pure speculation of a possible misconception by the trial court. Such a possibility cannot serve as the basis for a reversal in the absence of such error appearing in the record. We invoke the presumption of regularity which attaches to the proceeding in the trial court (*People v. Schomer* (1978), 64 Ill. App. 3d 440, 381 N.E.2d 62), and find that defendant has failed to overcome this presumption.

For the foregoing reasons, the judgment of the Circuit Court of Whiteside County is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.